IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH KIELBANIA and )
GAY KIELBANIA, )
 )
      Plaintiffs, )
 )
  v. ) 1:11CV663
 )
INDIAN HARBOR INSURANCE )
COMPANY, )
 )
      Defendant. )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on September 10, 2012, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 49.) In the Recommendation, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment (Doc. 26) be granted as to Plaintiffs' First Claim for Relief, but otherwise denied, that Plaintiffs' Motion for Summary Judgment (Doc. 28) be denied, and that this matter proceed to trial on Counts II and III related to Plaintiffs' claims for unfair insurance practices and bad faith refusal to settle. The Recommendation was served on the parties to this action on September 10, 2012. Counsel for Plaintiffs and Defendant filed timely objections (Docs. 60, 61, and 62) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge . . . . or recommit the matter to the Magistrate Judge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination of the Report which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

This court notes that Plaintiffs have moved, in their objections, for consideration by the district court of additional evidence, specifically two affidavits of Plaintiff Kenneth Kielbania. This evidence was not submitted with Plaintiffs' original Motion for Summary Judgment and, thus, was not addressed in the Recommendation. Under 28 U.S.C. § 636(b)(1), this court "may receive further evidence," but is not required to do so, and is of the belief that untimely submission of evidence often serves to undermine the magistrate review process rather than illuminate the arguments already

before the court.[1]  This is the case here.  As such, Plaintiffs' Motions for Consideration of Further Evidence (Docs. 60 and 64) are **DENIED**.[2]

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 49) is **ADOPTED**.  **IT IS FURTHER ORDERED** that

---

[1] "While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter.  First, permitting such piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges . . . Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. . . ." Virgin Enters. Ltd.  v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 224-25 (E.D. Va. 2000) quoting Morris v. Amalgamated Lithographers of Am., 994 F. Supp. 161, 163 (S.D.N.Y 1998).

[2] This court notes that consideration of the affidavits associated with these motions would yield little assistance to Plaintiffs.  The Third Affidavit of Kenneth Kielbania (Pls.' Br. Appealing Mag.'s Rec. (Doc. 61-2), App. #77) does not address novel considerations that would warrant granting Plaintiffs' Motion for Summary Judgment or denying that of Defendant.  Even if, as sworn by Mr. Kielbania, Defendant did not inform Plaintiffs of the existence or potential application of the coinsurance provision, Plaintiffs are still charged with knowledge of the contents of their insurance policy, as with any contract.  See, e.g., McCain v. Shenandoah Life Ins. Co., 224 N.C. 837, 839-40 (1945).
   The Fourth Affidavit of Kenneth Kielbania (Pls.' Br. in Resp. to Def.'s Objections to Mag.'s Rec. (Doc. 65-2), App. #86) expounds on issues that the Magistrate Judge had already found ripe for trial, a ruling with which this court is in accord.  Plaintiffs will be afforded their opportunity to present evidence on whether or not Defendant's alleged unfair insurance practices caused their damages before a trier-of fact.  Alone, however, the sworn statement does not remove genuine issues of material fact so as to warrant summary judgment in Plaintiffs' favor.

Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED** as to Plaintiffs' First Claim for Relief, but otherwise is **DENIED**, and that this matter will proceed to trial on Counts II and III related to Plaintiffs' claims for unfair insurance practices and bad faith refusal to settle.  **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 28) is **DENIED**.

This the 14th day of December, 2012.

_William L. Osteen, Jr._
United States District Judge

- 4 -

Case 1:11-cv-00663-WO-JEP   Document 67   Filed 12/14/12   Page 4 of 4